United States District Court
Southern District of Texas
**ENTERED**
September 06, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TODD LOAIZA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-23-2117 |
| | § | |
| AMGUARD INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Todd Loaiza ("Plaintiff") alleges that AmGuard Insurance Company ("Defendant") failed to pay for a loss covered by his property insurance policy.[1] Pending before the court is Defendant AmGuard Insurance Company's Motion for Summary Judgment ("Defendant's MSJ") (Docket Entry No. 17). The policy defines the covered property (i.e., the "Residence Premises") as the dwelling at which Plaintiff resides. Defendant argues that Plaintiff lacks any evidence that he lived at the property and that Plaintiff admitted that he did not reside at the property and that the property was a long-term rental. Because there is no evidence that

---

[1] Plaintiff's Original Petition & Request for Declaratory Judgment ("Petition"), Exhibit D to Defendant AmGuard Insurance Company's Notice of Removal ("Notice of Removal"), Docket Entry No. 1-4, p. 7 ¶¶ 30-32. All page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

Plaintiff resided at the property, Defendant's MSJ will be granted.

## I. **Background**

Plaintiff purchased a property insurance policy from Defendant covering April 10, 2021, through April 10, 2022 ("the Policy").[2] The Policy states that Defendant "cover[s]: a. The dwelling on the 'residence premises' shown in the Declarations[.]"[3] The Policy, in the "Homeowners 3 - Special Form," states that:

> "Residence premises" means:
>
> **a.** The one-family dwelling where you reside;
>
> **b.** the two-, three- or four-family dwelling where you reside in at least one of the family units; or
>
> **c.** That part of any other building where you reside;
>
> and which is shown as the "residence premises" in the Declarations."[4]

In the Declarations, the address listed as the "Residence Premises" is 29014 Binefield St, Spring, TX 77386-2408 ("the Binefield Property").[5]

Plaintiff filed a claim for damage to the Binefield Property caused by a burst pipe on or about May 6, 2021.[6]  Defendant

---

[2]Policy, Exhibit 1 to Defendant's MSJ, Docket Entry No. 17-1, p. 15.

[3]Id. at 33 ¶ A.1.a.

[4]Id. at 31, 32 ¶ 11.

[5]Id. at 15 ¶ 1.

[6]Petition, Exhibit D to Notice of Removal, Docket Entry No. 1-4, p. 4 ¶¶ 15-16.

disputed coverage, and Plaintiff sat for an examination under oath regarding the claim.[7] Plaintiff testified that he had lived and slept at a "bachelor officer quarters" in Huntsville, Texas, a kind of barracks for state prison employees since 2015 and sometimes sleeps at friends' apartments.[8] When asked if he stays anywhere else, Plaintiff confirmed that he does not.[9] Plaintiff stated that, at the time of the claim, he was renting a room at the Binefield Property to a woman named Dekoshua on a long-term basis.[10] Plaintiff stated that he "was in the process of trying to move in myself" but had not moved his things in yet because there was water damage in the house.[11]

Plaintiff filed this action on April 20, 2023, in state court, and Defendant removed the action to this court on June 9, 2023.[12] Plaintiff alleges that Defendant breached the Policy by not paying the claim, alleges that Defendant violated the Texas Prompt Payment

---

[7] Id. ¶ 17, p. 5 ¶ 20; Examination Under Oath of Todd Loaiza ("Plaintiff's Examination"), Exhibit 5 to Defendant's MSJ, Docket Entry No. 17-5.

[8] Plaintiff's Examination, Exhibit 5 to Defendant's MSJ, Docket Entry No. 17-5, p. 14 lines 12-14, 24-25; p. 15 lines 1, 12-25; p. 16 lines 1-5, 13-16.

[9] Id. at 16 lines 17-18.

[10] Id. at 17 lines 19-25, p. 18 lines 1-3.

[11] Id. at 18 lines 6-8.

[12] Petition, Exhibit D to Notice of Removal, Docket Entry No. 1-4; Notice of Removal, Docket Entry No. 1.

of Claims Act ("TPPCA"), and seeks declaratory judgments regarding the meaning of various parts of the policy and "that there is no requirement under the terms of the Policy that the covered property be a 'primary' residence of the insured Todd Loaiza."[13] Defendant filed its MSJ on August 2, 2024. Defendant argues that the Binefield Property does not qualify as a covered Residence Premises because Plaintiff did not reside there.[14] Plaintiff has not filed a response.

## II. Legal Standards

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact is or is not genuinely disputed must support the assertion by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). Summary judgment is proper "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986). "[T]he burden on the moving party may be discharged by 'showing'-

---

[13]Petition, Exhibit D to Notice of Removal, Docket Entry No. 1-4, pp. 5-8.

[14]Defendant's MSJ, Docket Entry No. 17, pp. 18-19 (Summary).

-4-

that is, pointing out to the district court-that there is an absence of evidence to support the nonmoving party's case." Id. at 2554.

Pursuant to Local Rules 7.3 and 7.4, because Plaintiff has not responded to Defendant's MSJ within 21 days, the motion is treated as unopposed.[15] But Plaintiff's failure to respond is not in itself grounds for granting the motion. See Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc., 702 F.3d 794, 806 (5th Cir. 2012). The court must assess the merits of the motion to determine if summary judgment is warranted.

### III. Analysis

Plaintiff confirmed under oath that he did not reside at the Binefield Property when the damage occurred. Plaintiff stated that he has lived at the prison employee housing since 2015. The Policy makes clear that a Residence Premises, in addition to appearing in the Declarations, must be one of the three types of dwellings listed in paragraph 11 of the Homeowners 3 Special Form, each of which requires the insured to reside there. The Binefield Property therefore does not meet the criteria for a Residence Premises, and Defendant's Policy does not provide coverage for Plaintiff's

---

[15] See Local Rules of the United States District Court for the Southern District of Texas, Rule 7.3 ("Opposed motions will be submitted to the judge 21 days from filing without notice from the clerk and without appearance by counsel.") and Rule 7.4 ("Failure to respond to a motion will be taken as a representation of no opposition.").

claimed loss. Defendant's MSJ will therefore be granted as to Plaintiff's breach-of-contract claim.

Because Defendant had a valid reason for denying coverage and because Plaintiff has not presented any evidence to support his TPPCA claim or his declaratory judgment claims, Defendant's MSJ will be granted as to those claims.

### IV. Conclusion and Order

Because Plaintiff did not reside at the Binefield Property, as required by the Policy for it to qualify as a covered Residence Premises, it is not covered by the Policy. Defendant AmGuard Insurance Company's Motion for Summary Judgment (Docket Entry No. 17) is therefore **GRANTED,** and this action will be dismissed with prejudice. AmGuard's Motion to Strike (Docket Entry No. 15) and Defendant AmGuard Insurance Company's Motion in Limine (Docket Entry No. 16) are **DENIED AS MOOT.**

**SIGNED** at Houston, Texas, on this 6th day of September, 2024.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE